UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY SCHOETTLER, | 1:08-cv-0174 OWW DLB |
| Plaintiff, | SCHEDULING CONFERENCE ORDER |
| v. | Discovery Cut-Off: 9/15/08 |
| WACHOVIA CORPORATION/WACHOVIA CORPORATION LONG-TERM DISABILITY PLAN, and LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | Non-Dispositive Motion Filing Deadline: 9/19/08 |
| Defendants. | Dispositive Motion Filing Deadline: 9/30/08 |
| | Settlement Conference Date: None |
| | Pre-Trial Conference Date: 12/1/08 11:00 Ctrm. 3 |
| | Trial Date: 1/13/09 9:00 Ctrm. 3 (CT-1 day) |

I.   Date of Scheduling Conference.

     May 7, 2008.

II.  Appearances Of Counsel.

     Brekhus Law Partners by Peter B. Brekhus, Esq., appeared on behalf of Plaintiff.

     Seyfarth Shaw LLP by William D. Bishop, Jr., Esq., appeared on behalf of Defendants.

///

1

**III.   Summary of Pleadings.**

      1.    This is an ERISA action in which Plaintiff claims he is entitled to disability benefits from the Defendant Plan.  It is undisputed that Plaintiff was a participant in the self-funded Wachovia Corporation Long Term Disability Plan ("Plan").  It is undisputed that the Plan is an employee welfare benefit plan, as that term is defined under ERISA § 3(1), 29 U.S.C. § 1102(1). Defendants assert that Plaintiff was not entitled to the benefits.

      2.    Wachovia, as the plan administrator as granted in the Plan, has sole discretionary authority to interpret plan terms and provisions.

      3.    Liberty Life Assurance Company of Boston ("Liberty Life") provides administrative services only through an agreement with Wachovia ("ASO agreement") and is neither the administrator, a fiduciary nor a named fiduciary of the plan.

      4.    Plaintiff was employed by Wachovia Corporation ("Wachovia") as a Senior Vice President/Investments in the Fresno, California office.  He became disabled in July 2002 and applied for, and was granted, LTD benefits by the Plan from January 14, 2003, through January 31, 2004.  Plaintiff suffered from major depressive disorder resulting in his complete inability to perform in his former position.  In May of 2003, he worked as an independent contractor, loan officer for a local mortgage company.  He worked in that position until the end of February, 2004.  Defendants have no information regarding Plaintiff's claim of independent contractor status.  Plaintiff has the burden of proof of establishing his employment status.

5.   By letter dated March 11, 2004, the Plan terminated Plaintiff's LTD benefits effective February 1, 2004.   The Plan made its decision that Plaintiff no longer qualified for benefits under the Plan because his earnings exceeded 80% of his pre-disability income.   The Plan does not know if Plaintiff would have remained eligible for benefits under any other criteria (i.e., disability status) after February 1, 2004.   Plaintiff appealed the decision to deny future benefits.   Plaintiff's appeal was denied on September 24, 2005, and Plaintiff filed suit on February 4, 2008.

6.   Plaintiff contends that he was improperly denied long term disability benefits under the Plan in violation of ERISA. Plaintiff also contends that the contract violates California Insurance Code § 1031.5 requiring notice and warning regarding statute of limitations, and that the notice terminating benefits provided by Defendants was improper and insufficient.   By reason thereof, Defendants are estopped from asserting the statute of limitations.   *SG&B v. AIIC*, 71 Cal.App.4th 1260 (1999).

7.   Defendants assert that Plaintiff's complaint seeking benefits is time-barred.   Defendants also deny the allegations and assert that all actions taken were done in accordance with Plan terms and ERISA.   Defendants have discharged their duties, in the interest of the Plan participants and its beneficiaries, and in doing so, Defendants have acted in accordance with the documents and instruments governing the Plan.

IV.   Orders Re Amendments To Pleadings.

1.   The parties do not anticipate amending the pleadings at this time.

3

**V.    Factual Summary.**

      **A.    Admitted Facts Which Are Deemed Proven Without Further Proceedings.**

            **1.    Wachovia self-funds the LTD Plan.**

            **2.    The Plan vests Wachovia, as the plan administrator, with sole discretionary authority to interpret plan terms and provisions.**

            **3.    Liberty Life Assurance Company of Boston ("Liberty Life") provides administrative services only and is neither the administrator, a fiduciary nor a named fiduciary of the Plan.**

            **4.    Plaintiff was a participant in the Plan.**

            **5.    The Plan is an employee welfare benefit plan, as that term is defined under ERISA § 3(1), 29 U.S.C. § 1102(1).**

            **6.    Plaintiff became disabled in July 2002.**

            **7.    Plaintiff applied for, and was granted, LTD benefits by the Plan from January 14, 2003, through January 31, 2004.**

            **8.    Plaintiff suffered from major depressive disorder resulting in his complete inability to perform in his former position.  Plaintiff was able to pursue an occupation in a different industry between May of 2003 and February of 2004.**

            **9.    The Plan terminated Plaintiff's LTD benefits effective February 1, 2004.**

      **B.    Contested Facts.**

            **1.    Whether Plaintiff's complaint is time-barred.**

            **2.    Whether Defendants' plans and procedures are or were subject to Insurance Code § 10270.97, et seq.**

            **3.    Whether Defendants are estopped from asserting the**

**4**

1  statute of limitations by reason of their actions, concerning the

2  denial of the benefits.  *SG&B v. AIIC*, 71 Cal.App.4th 1260

3  (1999).

4          4.    Whether Defendants improperly denied Plaintiff's

5  LTD benefit claim.

6          5.    Whether Defendants' denial of Plaintiff's LTD

7  benefit claim is supported by the administrative record.

8          6.    Whether Plaintiff is entitled to benefits under

9  the terms of the Plan.

10         7.    Whether there is a sufficient conflict of interest

11 proven by Plaintiff to justify considering it as a factor in the

12 abuse of discretion analysis required under, *inter alia, Abatie,*

13 *supra*.

14         8.    If the Court finds a conflict of interest exists,

15 what weight if any should be given to that factor in the abuse of

16 discretion standard of review.

17 VI.  Legal Issues.

18     A.   Uncontested.

19         1.    Plaintiff's claim for relief arises under the

20 Employee Retirement Income Security Act of 1974, as amended

21 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).  Pursuant to 29 U.S.C.

22 § 1331, this court has jurisdiction over this action because this

23 action arises under the laws of the United States of America.  29

24 U.S.C. § 1132(e)(1) provides for federal district court

25 jurisdiction of this action.

26         2.    Jurisdiction exists under 28 U.S.C. § 1331 and

27 is invoked under ERISA.

28         3.    Venue is proper in the Eastern District of

5

1  California in that Plaintiff is and was a resident of the City of

2  Fresno, in the County of Fresno, and in the State of California,

3  when Defendant terminated Plaintiff's long-term disability

4  benefits.   Therefore, 29 U.S.C. § 1132(e)(2) provides for venue

5  in this Court in the Fresno Division.

6      B.    Contested.

7          1.    Defendants contend that ERISA claims of this

8  nature are subject to a three-year statute of limitations.

9  Plaintiff disputes this and/or contends that Defendants are

10 estopped from asserting the statute of limitations by reason of

11 their actions and conduct.  *SG&B v. AIIC*, 71 Cal.App.4th 1260

12 (1999).

13         2.    Defendants also contend that the benefits

14 determination in question should be reviewed under the abuse of

15 discretion standard, *Abatie v. Alta Health & Life Insurance*

16 *Company*, 458 F.3d 955 (9th Cir. 2006), because the Plan language

17 clearly vests "the exclusive right and sole discretionary

18 authority" to interpret plan terms and provisions.   Plaintiff

19 disputes this contention on the grounds that under Section 4.7 of

20 the Administrative Plan decision as to denial of benefits is

21 subject to review.   Plaintiff contends that the discretion

22 granted to the "Plan Administrator" (Wachovia Corporation

23 pursuant to Section 4.7) must be reviewed pursuant to the rules

24 applicable to a "structural conflict of interest because the Plan

25 Administrator is both the administrator and the funding party."

26 *Abatie v. Alta Health & Life Ins. Co.*, (2006) 458 F.3d 955.

27 VII. Consent to Magistrate Judge Jurisdiction.

28         1.    The parties have not consented to transfer the

                                6

1  case to the Magistrate Judge for all purposes, including trial.

2  VIII.       Corporate Identification Statement.

3      1.     Any nongovernmental corporate party to any action in

4  this court shall file a statement identifying all its parent

5  corporations and listing any entity that owns 10% or more of the

6  party's equity securities.  A party shall file the statement with

7  its initial pleading filed in this court and shall supplement the

8  statement within a reasonable time of any change in the

9  information.

10  IX.  Discovery Plan and Cut-Off Date.

11      1.     This is an ERISA action seeking to challenge the plan's

12  determination of eligibility for benefits and as such is governed

13  by somewhat different principles than other civil cases routinely

14  before the Court.

15      Plaintiff.

16      2.     Inspection of documents and records and earnings

17  summaries relied upon and used by Defendants in deciding to

18  terminate Plaintiff's benefit, review and Plaintiff's

19  interrogatories regarding Defendants' past action in determining

20  or denying benefits based on the "80% rule" in weighing and

21  determining Defendants' "conflict of interest" position, with

22  respect to funding the benefits and serving as Plan Administrator

23  to deny benefits.

24      Defendants.

25      3.     Defendants contend that discovery with respect to

26  benefit entitlement is generally not allowed in actions brought

27  pursuant to 29 U.S.C. § 1132(a)(1)(B) with the possible exception

28  of some very limited inquiry into issues affecting the existence

7

1   and actual impact of any conflict of interest after the court

2   determines that a reasonable basis for concluding a conflict

3   exists sufficient to justify the inquiry.  *See, Abatie, supra*.

4   Defendants believe the Court will not find that such a conflict

5   exists.  Defendants also contend that discovery outside the

6   administrative record on any other topic is barred under *Abatie*

7   consistent with the general purpose of ERISA § 502(a)(1)(B), 29

8   U.S.C. § 1132(a)(1)(B), to provide efficient, expeditious and

9   inexpensive means of resolving benefits disputes.  *See also,*

10  *Newman v. Standard Ins. Co.*, 997 F.Supp. 1276, 1279 (C.D. Cal.

11  1998) (denying discovery to Plaintiff in ERISA action, because

12  permitting Plaintiff to conduct broad discovery would "completely

13  frustrate" the purpose of ERISA); *see also Taft v. Equitable Life*

14  *Assurance Society*, 9 F.3d 1469, 1472 (9th Cir. 1993) ("A primary

15  goal of ERISA was to provide a method for workers and

16  beneficiaries to resolve disputes over benefits inexpensively and

17  expeditiously.")

18       4.   Because this matter is governed by ERISA, a trial of

19  this matter is limited to the Court's review of the

20  administrative record compiled and reviewed during the claims

21  review and appeal processes.  *See Kearney v. Standard Ins. Co.*,

22  175 F.3d 1084, 1089 (9th Cir. 1999).  The Court may not review,

23  on summary judgment or at trial, information not provided to the

24  claims administrator during its decision-making process for

25  Plaintiff's claim.  *See e.g., Amato v. Bernard*, 618 F.2d 559,

26  567-568 (9th Cir. 1980); *Diaz v. Agricultural Pension Trust*, 50

27  F.3d 1478, 1483 (9th Cir. 1995) (holding that a claimant must

28  avail himself or herself of a plan's own internal review

**8**

1    procedures before bringing suit in federal court); *see also*

2    *Alford v. DCH Foundation Group Long-Term Life Ins.*, 144 F.Supp.2d

3    1183 (C.D. Cal. 2001).  Defendants contend no discovery outside

4    of the administrative record is relevant or likely to lead to

5    admissible evidence in a trial of this matter.

6         5.   Further, Defendants contend that this Court should not

7    permit discovery into whether an actual conflict of interest

8    exists based solely on Plaintiff's speculation that discovery may

9    elicit proof of such a conflict.  *See Newman v. Standard Ins.*

10   *Co.*, 997 F.Supp. 1276, 1278 (C.D. Cal. 1998) (denying plaintiff's

11   request for discovery on the issue of whether the plan's

12   determination was tainted by an inherent conflict of interest);

13   *see also Palmer v. University Med. Group*, 973 F.Supp. 1179, 1190-

14   91 (D. Ore. 1997) (denying plaintiff's request for discovery as

15   to whether claims decision was tainted by apparent conflict of

16   interest).  The administrative record contains information

17   sufficient for the Court to determine whether an actual conflict

18   of interest tainted Defendants' claim decision and whether

19   Defendants' claim decision was supported by the evidence.

20   Plaintiff has shown no need to take additional discovery on this

21   issue and should not be allowed to engage in a "fishing

22   expedition" for unspecified other evidence of an actual conflict.

23   Allowing Plaintiff to conduct discovery outside of the

24   administrative record "flies in the face" of the purpose of ERISA

25   "to provide a method for workers and beneficiaries to resolve

26   disputes over benefits inexpensively and expeditiously."  *Newman,*

27   *supra*, 997 F.Supp. at 1281 (quoting *Taft v. Equitable Life*

28   *Assurance Society*, 9 F.3d 1469, 1472 (9th Cir. 1993)).

1      **6.**    The parties are ordered to complete all discovery on
2  or before September 15, 2008.

3      **7.**    The parties are directed to disclose all expert
4  witnesses, in writing, on or before July 15, 2008.  Any rebuttal
5  or supplemental expert disclosures will be made on or before
6  August 15, 2008.  The parties will comply with the provisions of
7  Federal Rule of Civil Procedure 26(a)(2) regarding their expert
8  designations.  Local Rule 16-240(a) notwithstanding, the written
9  designation of experts shall be made pursuant to F. R. Civ. P.
10  Rule 26(a)(2), (A) and (B) and shall include all information
11  required thereunder.  Failure to designate experts in compliance
12  with this order may result in the Court excluding the testimony
13  or other evidence offered through such experts that are not
14  disclosed pursuant to this order.

15      **8.**    The provisions of F. R. Civ. P. 26(b)(4) shall
16  apply to all discovery relating to experts and their opinions.
17  Experts may be fully prepared to be examined on all subjects and
18  opinions included in the designation.  Failure to comply will
19  result in the imposition of sanctions.

20  **X.**    **Pre-Trial Motion Schedule.**

21      **1.**    All Non-Dispositive Pre-Trial Motions, including any
22  discovery motions, will be filed on or before September 19, 2008,
23  and heard on October 24, 2008, at 9:00 a.m. before Magistrate
24  Judge Dennis L. Beck in Courtroom 9.

25      **2.**    In scheduling such motions, the Magistrate
26  Judge may grant applications for an order shortening time
27  pursuant to Local Rule 142(d).  However, if counsel does not
28  obtain an order shortening time, the notice of motion must comply

1 with Local Rule 251.

2     3.    All Dispositive Pre-Trial Motions are to be

3 filed no later than September 30, 2008, and will be heard on

4 October 27, 2008, at 10:00 a.m. before the Honorable Oliver W.

5 Wanger, United States District Judge, in Courtroom 3, 7th Floor.

6 In scheduling such motions, counsel shall comply with Local Rule

7 230.

8 XI.   Pre-Trial Conference Date.

9     1.    December 1, 2008, at 11:00 a.m. in Courtroom 3, 7th

10 Floor, before the Honorable Oliver W. Wanger, United States

11 District Judge.

12     2.    The parties are ordered to file a Joint Pre-

13 Trial Statement pursuant to Local Rule 281(a)(2).

14     3.    Counsel's attention is directed to Rules 281

15 and 282 of the Local Rules of Practice for the Eastern District

16 of California, as to the obligations of counsel in preparing for

17 the pre-trial conference.  The Court will insist upon strict

18 compliance with those rules.

19 XII. Trial Date.

20     1.    January 13, 2009, at the hour of 9:00 a.m. in Courtroom

21 3, 7th Floor, before the Honorable Oliver W. Wanger, United

22 States District Judge.

23     2.    This is a non-jury trial as jury trials are not

24 permitted under ERISA.

25     3.    Counsels' Estimate Of Trial Time:

26         a.   1 day.

27     4.    Counsels' attention is directed to Local Rules

28 of Practice for the Eastern District of California, Rule 285.

XIII.     Settlement Conference.

1.     A Settlement Conference is not scheduled at this time.

2.     Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3.     Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4.     Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

1    5.    The Confidential Settlement Conference

2  Statement shall include the following:

3         a.    A brief statement of the facts of the

4  case.

5         b.    A brief statement of the claims and

6  defenses, i.e., statutory or other grounds upon which the claims

7  are founded; a forthright evaluation of the parties' likelihood

8  of prevailing on the claims and defenses; and a description of

9  the major issues in dispute.

10         c.    A summary of the proceedings to date.

11         d.    An estimate of the cost and time to be

12  expended for further discovery, pre-trial and trial.

13         e.    The relief sought.

14         f.    The parties' position on settlement,

15  including present demands and offers and a history of past

16  settlement discussions, offers and demands.

17  XIV. Request For Bifurcation, Appointment Of Special Master,

18  Or Other Techniques To Shorten Trial.

19    1.    None.

20  XV.  Related Matters Pending.

21    1.    There are no related matters.

22  XVI. Compliance With Federal Procedure.

23    1.    The Court requires compliance with the Federal

24  Rules of Civil Procedure and the Local Rules of Practice for the

25  Eastern District of California.  To aid the court in the

26  efficient administration of this case, all counsel are directed

27  to familiarize themselves with the Federal Rules of Civil

28  Procedure and the Local Rules of Practice of the Eastern District

1  of California, and keep abreast of any amendments thereto.

2  XVII.       Effect Of This Order.

3       1.    The foregoing order represents the best

4  estimate of the court and counsel as to the agenda most suitable

5  to bring this case to resolution.  The trial date reserved is

6  specifically reserved for this case.  If the parties determine at

7  any time that the schedule outlined in this order cannot be met,

8  counsel are ordered to notify the court immediately of that fact

9  so that adjustments may be made, either by stipulation or by

10  subsequent scheduling conference.

11       2.    Stipulations extending the deadlines contained

12  herein will not be considered unless they are accompanied by

13  affidavits or declarations, and where appropriate attached

14  exhibits, which establish good cause for granting the relief

15  requested.

16       3.    Failure to comply with this order may result in

17  the imposition of sanctions.

18

19  IT IS SO ORDERED.

20  Dated:   May 23, 2008                    /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE

14